## BUTTS et al. v. SEARS, ROEBUCK & CO.

**Civil Action No. 1354—48.**
United States District Court
District of Columbia.

April 27, 1949.

Lipman Redman, of Washington, D. C., for defendant, for the motion.

Levi H. David, of Washington, D. C., for plaintiffs, opposed.

HOLTZOFF, District Judge.

This is a motion by the defendant in an action to recover damages for personal injuries to require the plaintiff to produce certain reports of medical examinations and certain hospital records.

As permitted by Rule 35(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the defendant procured a medical examination of the plaintiff. Pursuant to Rule 35(b) (1), the plaintiff requested and received a copy of the report of the examin-ing physician. The second sentence of Rule 35(b) (1) provides as follows:

"After such request and delivery the party causing the examination to be made shall be entitled upon request to receive from the party examined a like report of any examination previously or thereafter made, of the same mental or physical condition."

Relying on this provision, the defendant now moves for copies of reports made by the plaintiff's personal physician. In addition, however, the defendant requests copies of hospital records, copies of office records of various physicians who have treated the plaintiff on various occasions, copies of records of various optometrists, and the like.

The Rule must be reasonably construed. It does not place upon a party the burden of procuring copies of records of hospitals or of office records of physicians. It is limited to medical examinations conducted at the request of the party, and the reports, copies of which are subject to production, are the reports made by the physician as the result of such an examination.

In view of this circumstance, the Court is of the opinion that the defendant is entitled only to the written report of the examination of the physician who examined the plaintiff in her own behalf, to wit, Dr. W. P. Howard. The motion is granted only in respect to the report of this physician, and is denied as to the balance.

In the alternative, the defendant requests that the plaintiff be directed to authorize the defendant to procure copies of hospital records involving her. The Court denies this request. The proper way of procuring such records is by taking depositions under Rule 26. If the question of privilege arises, and if the defendant contends that the privilege has been waived under Rule 35(b) (2), the matter should be disposed of at the taking of the depositions.